UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HARLEYSVILLE WORCESTER INSURANCE
COMPANY,

                Plaintiff,

          -against-

**ORDER**
CV 14-2474 (LDW)

MOHAN SHARMA, M.D., *et al.*,

                Defendants.
------------------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

       Before the Court is defendant/counter claimant Jane Doe's motion to compel the production of documents pursuant to Fed. R. Civ. P. 26. DE [29]. Specifically, Jane Doe seeks an Order: (1) compelling plaintiff Harleysville Worcestor Insurance Company ("plaintiff" or "Harleysville") to produce full and complete responses to Initial Disclosures, Jane Doe's Document Requests and Jane Doe's Interrogatories, including but not limited to, a privilege log identifying any and all items withheld on the basis of privilege; (2) sanctions based on Harleysville's deficient discovery responses and reimbursement for the within application and for expenses that will be incurred in conducting a second 30(b)(6) deposition of Harleysville; (3) and an extension of the deadlines set forth in the August 13, 2014 Scheduling Order. The remaining defendants join in this application. Plaintiff opposes the motion. DE [30].

       By way of background, this declaratory action stems from a sexual assault lawsuit pending in the Supreme Court of New York, Nassau County, *Jane Doe v. Mohan Sharma, M.D., et al.,* Index No. 01324/2014 (the "underlying action") and was brought by plaintiff to determine

1

whether Harleysville owes coverage for defendants[1] in that action. According to plaintiff, on February 24, 2014, Harleysville was notified of the underlying action and opened a coverage investigation file to determine whether it owed a defense and/or indemnity to any of the insureds for the allegations asserted by Jane Doe in the underlying action. DE [30] at 2. On March 10, 2014, plaintiff retained Riker Danzig Scherer Hyland Perretti LLP ("Riker Danzig" or the "firm") to represent it and to file the instant action. *Id.*

On March 27, 2014, Harleysville created a separate defense file to handle the underlying action, assigned a separate adjuster, created a different claim number and retained counsel to represent Hita Sharma and Sukhadata in that action. Harleysville commenced the within action on April 17, 2014. *Id.* Thereafter, defendant Jane Doe served her First Set of Document Requests, and on November 20, 2014 Harleysville served its responses, including a copy of its policy and two coverage position letters to its insureds, and objections on the grounds of privilege and/or attorney work product. *Id.* On April 14, 2015, Jane Doe deposed Harleysville's Rule 30(b)(6) representative, Barbra Jorgenson, and claims that at Ms. Jorgenson's deposition, she discovered Harleysville allegedly withheld certain documents that should have been produced. DE [29]. Jane Doe seeks production of these documents.

As a preliminary matter, with regard to (i) the documents relating to Harleysville's initial notice of claim, (ii) the underwriting file for the policy at issue, and (iii) the ImageRight file regarding pleadings in the underlying action, plaintiff consents to produce the documents. In addition, plaintiff consents to provide supplemental written responses to Harleysville's initial

---

[1] Harleysville insured two entities: Caring Medical, LLC ("Caring Medical") and Sukhdata, LLC ("Sukhdata"). DE [30], Ex. A, ¶ 2. Sukhdata owned a building located at 276 Smithtown Blvd. in Nesconset, NY and leased one of the spaces to Caring Medical. *Id.* Defendants Mohan Sharma, M.D. and Hita Sharma, M.D. (husband and wife) co-own Sukhdata. *Id.* Mohan Sharma, M.D. was the sole owner of Caring Medical and he alone practiced medicine under the Caring Medical trade name.

disclosures and Jane Doe's Document Requests and Interrogatories. Accordingly, Jane Doe's application to compel the production of these documents is granted on consent.

With respect to defendant's motion to compel Harleysville's litigation file, including claims notes and documents relating to the ongoing underlying action and generated after Harleysville retained counsel and litigation commenced, plaintiff argues that Jane Doe is not entitled to this file because the entire file is privileged, confidential and protected by attorney work-product (as it relates to the defense strategy in response to Jane Doe's claims against its insureds, Hita Sharma, M.D. and Sukhdata). The Court agrees.

"The work-product doctrine, codified for the federal courts in Fed. R. Civ. P. 26(b)(3) is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." *Securities and Exchange Comm'n v. NIR Group, LLC,* 283 F.R.D. 127, 131 (E.D.N.Y. 2012) (observing that "the privilege applies to documents prepared because of existing or expected litigation") (internal quotation marks and citations omitted). Rule 26(b)(3) protects as work product, documents prepared "in anticipation of litigation or for trial by or for [a] party or its representative (including the . . . party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3). In particular, "[i]nsurance claim files may present difficult issues regarding where the line should be drawn between documents prepared in the ordinary course of the insurer's business (which, by its nature, involves claim investigation and analysis) and documents prepared in anticipation of litigation." *Bovis Lend Lease, LMB, Inc. v. Seasons Contracting Corp.,* No. 00 Civ. 9212 (DF), 2002 WL 31729693, at *4 (S.D.N.Y. Dec. 5, 2002) (internal quotation marks and citation omitted). However, where documents are generated "after the insurer has referred the matter to counsel, it can generally be said that the insurer is fairly

anticipating litigation, and thus work product immunity will typically attach." *Id.* (internal citations omitted). Here, the separate claim file relating to the underlying action was not opened until after Harleysville assigned counsel to defend its insured, contains claim notes memorializing communications with assigned counsel which were generated after the insurer referred the matter to counsel, and sets forth Harleysville's strategy in prosecuting this declaratory judgment action. S*ee* Jorgenson Certification, ¶¶ 7, 11-12. As such, the file and documents were prepared in anticipation of litigation and are protected by the privilege of attorney work product. Accordingly, defendant Jane Doe's application to compel production of these documents is denied.

Finally, Jane Doe's application to compel plaintiff to provide a privilege log identifying the documents generated after the filing of this action which were withheld on the basis of privilege is denied. "First, privilege logs are commonly limited to documents created before the date litigation was initiated." *United States v. Bouchard Transp.*, No. 08-CV-4490 (NGG) (ALC), 2010 WL 1529248, at *2 (E.D.N.Y. Apr. 14, 2010); *see also American Broadcasting Cos. v. Aereo,* Nos. 23 Civ. 1540, 1543 (AJN), 2013 WL 139560, at *2 (S.D.N.Y. Jan. 11, 2013). "This is due to the fact that, in many situations, it can be assumed that all documents created after charges have been brought or a lawsuit has been filed and withheld on the grounds of privilege were created 'because of' that pending litigation." *Bouchard Transp.*, 2010 WL 1529248, at *2. Inasmuch as the privileged documents Jane Doe seeks were generated after the underlying and instant lawsuits were filed and were created in anticipation of litigation, they are not subject to discovery. Accordingly, Harleysville is not required to provide a privilege log identifying these documents.

With regard to Jane Doe's request for a modification of the Scheduling Order dated August 13, 2014, the parties are directed to meet and confer and submit an amended joint proposed scheduling order by June 8, 2015. The request for sanctions is denied.

**SO ORDERED.**

Dated: Central Islip, New York
       May 26, 2015

    /s/ Gary R. Brown
   GARY R. BROWN
   United States Magistrate Judge